PEOPLE v. CLABIN

CRIMINAL LAW—PLEA OF GUILTY—MAXIMUM.

> Claim of a 17-year-old defendant with a 10th grade education that a plea of guilty was not understandingly made because he failed to understand the word "maximum" when, during examination, the court informed him that he could be sentenced to a maximum of ten years in prison is without merit where the record shows that defendant had the benefit of counsel and was informed of the maximum punishment and there was no indication by the defendant that he did not understand.

Appeal from Berrien, Chester J. Byrns, J. Submitted Division 3 May 12, 1970, at Detroit. (Docket No. 8,658.) Decided July 2, 1970.

Allen Clabin, Jr., was convicted, on his plea of guilty, of larceny from the person. Defendant appeals. Motion to affirm granted.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Ronald J. Taylor,* Prosecuting Attorney, and *John A. Smietanka* and *Wilbur Schillinger,* Assistant Prosecuting Attorneys, for the people.

*Thomas N. Robinson, Jr.,* for defendant on appeal.

---

REFERENCE FOR POINTS IN HEADNOTE

21 Am Jur 2d, Criminal Law § 484 *et seq.*

Before: V. J. Brennan, P. J., and J. H. Gillis
and O'Hara,* JJ.

Per Curiam. This case is submitted on the people's motion to affirm. Defendant was convicted, on a plea of guilty, of the crime of larceny from a person, MCLA § 750.357 (Stat Ann 1962 Rev § 28.589). On September 3, 1968, the defendant was sentenced to the State Penitentiary for Southern Michigan for a period of four to ten years. The sole issue raised on appeal is the contention that the plea was not understandingly made because the defendant failed to understand the word "maximum" when, during the examination, the court informed the defendant that he could be sentenced to a maximum of ten years in prison. Therefore, the defendant asserts, there was a violation of MCLA § 768.35 (Stat Ann 1954 Rev § 28.1058).

An examination of the record indicates no error was committed when the trial court accepted the defendant's guilty plea. The defendant had the benefit of counsel. The defendant was examined on the record and the court was satisfied that the defendant had committed the crime. The court fully explained the nature of the offense and informed the defendant of his right to trial. Finally, the court described the nature of the punishment the defendant could receive, informing him that he could be sentenced to a maximum of ten years in prison. The examination was fully consistent with MCLA § 768.35 (Stat Ann 1954 Rev § 28.1058). There was no indication by the defendant that he did not understand during the examination. On appeal he contends that his age and education

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

demonstrate his lack of intelligence and generally inadequate education. We cannot agree. The defendant was 17 years of age and had completed a tenth grade education. While it is impossible for us to now test his intelligence, it would appear from his responses on the record and the nature of his background and education that his plea was freely and understandingly made.

Motion to affirm is granted.